IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| HASLER, INC., | ) | |
| Plaintiff, | ) | No. 06-653C |
| v. | ) | (Judge Horn) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER

For its answer to the complaint, defendant admits, denies, and alleges as follows:

1. The allegations contained in paragraph 1 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

2. Denies the allegations contained in paragraph 2 for lack of knowledge or information sufficient to form a belief as to their truth.

3. The allegations contained in paragraph 3 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

4. The allegations contained in paragraph 4 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

5. Denies the allegations contained in the first sentence of paragraph 5. Admits the allegations contained in the second sentence of paragraph 5. Admits the allegations contained in the third sentence of paragraph 5; but alleges that the alleged goal was not the program’s only goal.

6. The allegations contained in the first and second sentences of paragraph 6 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegations contained in the third sentence of paragraph 6.

7. Admits the allegations contained in the first sentence of paragraph 7 that Hasler, Inc. (“Hasler”) contributed to a test program that commenced in Omaha, Nebraska, and Las Vegas, Nevada. Denies the remaining allegations contained in paragraph 7 for lack of knowledge or information sufficient to form a belief as to their truth.

8. Admits the allegations contained in the first sentence of paragraph 8 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 8. Denies the allegations contained in the second sentence of paragraph 8. Admits the allegation contained in the third sentence of paragraph 8 that “[a]s a result [of the test

program], the Postal Service decided to expand to a 'pilot' program," otherwise denies the allegations contained in the third sentence of paragraph 8, and alleges that the pilot program was to be implemented on a regional basis.

9. Admits the allegations contained in the first sentence of paragraph 9 to the extent supported by the solicitation cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 9. Denies the remaining allegations contained in paragraph 9.

10. Admits the allegations contained in paragraph 10 to the extent supported by the solicitation cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 10.

11. Denies the allegations contained in the first sentence of paragraph 11 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegation contained in the second sentence of paragraph 11 that the United States Postal Service did not make the alleged indications, but denies the truth of the alleged indications. The remaining allegations contained in paragraph 11 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

12. Denies the allegations contained in the first sentence of paragraph 12. Admits the remaining allegations contained in paragraph 12 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 12.

13. The allegations contained in paragraph 13 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

14. Denies the allegations contained in the first sentence of paragraph 14 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the second sentence of paragraph 14 to the extent supported by the solicitation cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 14. The remaining allegations contained in paragraph 14 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

15. Admits the allegations contained in the first and second sentences of paragraph 15. The allegations contained in the third sentence of paragraph 15 constitute conclusions of law and plaintiff's characterization of its case, to which no answer

is required; to the extent they may be deemed allegations of fact, they are denied for lack of knowledge or information sufficient to form a belief as to their truth.

16. The allegations contained in paragraph 16 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

17. The allegations contained in the first and second sentences of paragraph 17 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Denies the allegations contained in the third and fourth sentences of paragraph 17 for lack of knowledge or information sufficient to form a belief as to their truth. The allegations contained in the fifth and sixth sentences of paragraph 17 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

18. Admits the allegations contained in the first sentence of paragraph 18 that "by the second quarter of 2004, overall program revenues were increasing." Otherwise, the allegations contained in the first sentence of paragraph 18 constitute conclusions of law and plaintiff's characterization of its case,

to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Denies the allegations contained in the second sentence of paragraph 18. Admits the allegations contained in the third sentence of paragraph 18. Denies the allegations contained in the fourth sentence of paragraph 18.

19. The allegation contained in the first sentence of paragraph 19 that units were "due" constitutes a legal conclusion, to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied. Admits the allegations contained in the first sentence of paragraph 19 that, in June 2004, the Postal Service advised Hasler not to deliver any more units; otherwise denies the remaining allegations contained in the first sentence of paragraph 19. Denies the allegations contained in the second sentence of paragraph 19; alleges that oral notice was provided on September 20, 2004, of the plan to terminate the Hallmark program effective January 21, 2005.

20. Denies the allegations contained in paragraph 20 for lack of knowledge or information sufficient to form a belief as to their truth.

21. Admits the allegations contained in the first sentence of paragraph 21 that the Postal Service requested a letter. Admits the remaining allegations contained in the first sentence

of paragraph 21 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the remaining allegations contained in the first sentence of paragraph 21. Admits the allegations contained in the second, third, and fourth sentences of paragraph 21. The remaining allegations contained in paragraph 21 constitute plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

22. Admits the allegations contained in paragraph 22 to the extent supported by the lease extensions cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 22.

23. Admits the allegations contained in paragraph 23 to the extent supported by the certified claim cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 23.

24. Admits the allegations contained in paragraph 24 to the extent supported by the denial cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 24.

25. Defendant's responses to paragraphs 1 through 24 of the complaint are incorporated by reference.

26. The allegations contained in paragraph 26 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

27. The allegations contained in paragraph 27 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

28. Denies the allegations contained in paragraph 28 for lack of knowledge or information sufficient to form a belief as to their truth.

29. The allegations contained in paragraph 29 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

30. Admits the allegations contained in paragraph 30 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 30.

31. The allegations contained in paragraph 31 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Denies plaintiff is

entitled to the relief set forth in the "WHEREFORE" paragraph immediately preceding paragraph 32.

32. Defendant's responses to paragraphs 1 through 31 of the complaint are incorporated by reference.

33. Admits the allegations contained in paragraph 33 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 33.

34. The allegations contained in paragraph 34 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

35. Denies.

36. Denies the allegations contained in paragraph 36 for lack of knowledge or information sufficient to form a belief as to their truth.

37. The allegations contained in paragraph 37 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Denies plaintiff is entitled to the relief set forth in the "WHEREFORE" paragraph immediately preceding paragraph 38.

38. Defendant's responses to paragraphs 1 through 37 of the complaint are incorporated by reference.

39. The allegations contained in paragraph 39 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

40. The allegations contained in paragraph 40 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

41. The allegations contained in paragraph 41 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

42. The allegations contained in paragraph 42 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Denies plaintiff is entitled to the relief set forth in the "WHEREFORE" paragraph immediately preceding paragraph 43.

43. Defendant's responses to paragraphs 1 through 42 of the complaint are incorporated by reference.

44. The allegations contained in paragraph 44 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

45. The allegations contained in paragraph 45 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

46. The allegations contained in paragraph 46 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

47. The allegations contained in paragraph 47 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

48. The allegations contained in paragraph 48 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Denies plaintiff is entitled to the relief set forth in the "WHEREFORE" paragraph immediately preceding paragraph 49.

49. Defendant's responses to paragraphs 1 through 49 of the complaint are incorporated by reference.

50. The allegations contained in paragraph 50 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

51. The allegations contained in paragraph 51 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Denies plaintiff is entitled to the relief set forth in the "WHEREFORE" paragraph immediately preceding paragraph 52.

52. Defendant's responses to paragraphs 1 through 51 of the complaint are incorporated by reference.

53. The allegations contained in paragraph 53 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

54. The allegations contained in paragraph 54 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

55. The allegations contained in paragraph 55 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Denies plaintiff is entitled to the relief set forth in the "WHEREFORE" paragraph immediately preceding the "PRAYER FOR RELIEF."

56. Denies that plaintiff is entitled to the relief requested in the "PRAYER FOR RELIEF" immediately following paragraph 55, or to any relief whatsoever.

57. Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Franklin E. White, Jr.
by s/Donald E. Kinner
FRANKLIN E. WHITE, JR.
Assistant Director

s/Timothy P. McIlmail
TIMOTHY P. MCILMAIL
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit,
8th Floor
1100 L St., N.W.
Washington, D.C. 20530
Tele: (202) 616-0342
Facsimile: (202) 514-7965

OF COUNSEL
MELISSA MORTIMER
Attorney
United States Postal Service
Washington, D.C.

Attorneys for Defendant

November 13, 2006

Certificate of Filing

I hereby certify that on November 13, 2006, a copy of the foregoing Defendant's Answer was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Timothy P. McIlmail